Everett L. McCOY, Plaintiff—
Appellant,

v.

M. COX; et al., Defendants—Appellees.

No. 04–17513.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Everett L. McCoy, Soledad, CA, pro se.

---

1. The parties are familiar with the background, so we need not discuss all of the factual details here.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Jay Russell, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

California state prisoner Everett L. McCoy appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003), and we vacate and remand in light of intervening authority.

Without specifying which claims it found to be exhausted, the district court dismissed the entire action because McCoy failed to exhaust all claims before filing. We vacate the order and remand for reconsideration in light of *Jones v. Bock*, — U.S. —, 127 S.Ct. 910, 923–26, 166 L.Ed.2d 798 (2007) (holding an inmate's compliance with PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of entire action, and "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances"). On remand, the court may also consider *Woodford v. Ngo*, — U.S. —, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) in determining whether specific claims were exhausted.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**